## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED FOOD & COMMERCIAL** <br> **WORKERS UNION, LOCAL 27** <br> **1501 Casho Mill Road, Suite 11** <br> **Newark, DE 19966** | * <br><br> * <br><br> * | |
| **Plaintiff,** | * | **Civil Case No. _____ 0 6 - 3 7 7 ____** |
| | * | |
| **v.** | | |
| | * | |
| **ACME MARKETS, INC.** <br> **75 Valley Stream Parkway** <br> **Malvern, PA 19355** | * | |
| | * | |
| **Serve on:** <br> **Corporation Service Company** <br> **2711 Centerville Rd., Suite 400** <br> **Wilmington, DE 19808** | * <br><br> * | |
| **Defendant.** | * | |
| *    *    *    *    *    *    * | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Food & Commercial Workers Union, Local 27 ("Local 27" or "Union"), by counsel, hereby files this Complaint for Declaratory Judgment against Defendant, Acme Markets, Inc., and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Plaintiff requests that the Court determine that a collective bargaining agreement exists between the parties.

2.     This action arises under, and jurisdiction is conferred on this Court by Section 301

-1-

of the Labor-Management Relations Act of 1973, 29 U.S.C. § 185, *et seq.* ("LMRA").

Moreover, this action involves an actual controversy between the parties, and this Court is

therefore vested by the provisions of the Declaratory Judgment Act with power to render

declaratory judgment and grant other relief as requested herein.

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 185 as Plaintiff labor

organization maintains its offices in and/or its duly authorized officers or agents are engaged in

representing or acting for employee members in this district.

## PARTIES

4.      Plaintiff, Local 27, is an unincorporated labor organization in an industry

affecting commerce within the provisions of the LMRA, and maintains offices at 1501 Casho

Mill Road, Suite 11, Newark, Delaware 19966.

5.      Defendant, Acme Markets, Inc. ("Acme") is a retail grocery store chain

incorporated and existing under the laws of the State of Delaware, with its principal place of

business at 75 Valley Stream Parkway, Malvern, Pennsylvania 19355. Acme operates retail

grocery stores throughout the State of Delaware.

6.      On April 25, 1999, a collective bargaining agreement ("CBA") covering Acme's

Delaware stores became effective between Acme and the Union. By its terms, that contract

expired on July 19, 2003 (the "Expired CBA").

7.      Article XXII of the Expired CBA provided that Acme would make certain health

and welfare contributions to the United Food and Commercial Workers Union and Participating

Food Industry Tri-State Health and Welfare Fund ("Tri-State Health & Welfare Fund") on behalf

of the bargaining unit employees.

-2-

8. The Expired CBA provided, by Side Letter attached as Exhibit III, "Health and Welfare Improvements." One of the improvements agreed upon was special dental benefits to Delaware resident-employees that permitted Delaware resident-employees to utilize the services of Delaware dentists. The dental benefits improvement was agreed upon by the parties because there were no Delaware dentists enrolled as participating dentists in the dental services plan offered and administered by the Tri-State Health & Welfare Fund.

9. On June 9, 2003, negotiations for a new collective bargaining agreement between the parties commenced.

10. During the 2003 negotiations, the parties agreed that the administration of all health and welfare benefits offered to covered employees and their dependents would be transferred from Tri-State Health & Welfare Fund to United Food and Commercial Workers Local 56 Health and Welfare Fund ("Local 56 Health & Welfare Fund" or the "Fund").

11. Negotiations concluded on August 14, 2003 after the parties arrived at an agreement (the "Successor Agreement") for the term of July 19, 2003 to July 19, 2008. The Successor Agreement included within its terms six (6) appendices entitled Exhibits I through VI.

12. The Union presented the terms of the Successor Agreement to its bargaining unit members, and it was ratified on August 19, 2003. Upon ratification, the material terms of the Successor Agreement were implemented by Acme.

13. Under Article 22 of the Successor Agreement, Acme is required to make fixed monthly contributions to the Local 56 Health & Welfare Fund. Acme does not direct its contributions to fund any particular health or welfare benefit. The Trustees of the Local 56 Health & Welfare Fund, in their sole discretion, determine which health and welfare benefits are

-3-

provided to Union members and at what level the Fund shall fund the benefits. Acme is not obligated to fund any particular benefit or benefits, nor does it have any role or responsibility in determining what benefits the Fund shall offer or at what level the benefits shall be funded.

14.    After August 2003, Local 56 Health & Welfare Fund assumed and continued to provide the special dental benefits to Delaware resident-employees while discontinuing certain other benefits listed in Exhibit III of the Successor Agreement such as vision, life insurance, and prescription drugs.

15.    By email dated January 9, 2006, the Union demanded that Acme sign the Successor Agreement. To date, Acme refuses to execute the Successor Agreement claiming that it did not agree to continue in effect the benefits listed in Exhibit III of the Successor Agreement.

16.    Nothing in the Successor Agreement requires the parties to negotiate over which health and welfare benefits will be provided by the Local 56 Health & Welfare Fund. The benefits provided by the Fund are determined solely and exclusively by the Trustees of the Fund.

17.    Acme has denied and continues to deny the formation and existence of the parties' Successor Agreement, although it has adopted and placed into effect all of the Successor Agreement's material terms.

18.    Local 27 has no adequate remedy at law because it cannot otherwise compel Acme to sign the Successor Agreement. Only an adjudication and judgment by this Court declaring that a valid, enforceable collective bargaining agreement exists between Acme and Local 27 will provide Local 27 with the relief required under the circumstances.

WHEREFORE, Plaintiff United Food and Commercial Workers Union, Local 17 respectfully requests that this Court:

-4-

A.    Declare that the Successor Agreement is a valid and enforceable contract between

the parties; and

B.    Grant such other and further relief as this Court deems equitable and just

including an award for attorneys' fees and costs.

Prepared by:

Date: June 2, 2006

Steven J. Bushinsky, Esquire (SJB-2445)
O'BRIEN, BELLAND & BUSHINSKY, LLC
2111 New Road, Suite 101
Northfield, NJ 08225
Ph: 609-677-7930
Fx: 609.677.79.31
E-Mail: sbushinsky@obbblaw.com
Attorney for Plaintiff
United Food & Commercial Workers

Reviewed and submitted by:

Date: June 2, 2006

Albert M. Greto, Esquire (AMG-2862)
O'BRIEN, BELLAND & BUSHINSKY, LLC
1701 Shallcross Ave. Suite C
P.O. Box 756
Wilmington, DE 19899-0756
Ph: 302.761.9000
Fx: 302.761.9035
E-Mail: algreto@gretolaw.com
Attorney for Plaintiff
United Food & Commercial Workers
Union, Local 27

-5-

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT COURT OF DELAWARE

**UNITED FOOD & COMMERCIAL**
**WORKERS UNION, LOCAL 27**
1501 Cashio Mill Rd., Suite 11
Newark, DE 19966

Case #:

      Plaintinff,

vs.

**ACME MARKETS, INC.**
75 Valley Stream Parkway
Malvern, PA 19355

      Defendant.

## CERTIFICATE OF SERVICE

      I, TAWNYA M. YETTER, Esquire of the LAW FIRM OF ALBERT M. GRETO,

ESQUIRE, hereby certify that on this 7th day of June, 2006, I have caused to be mailed

by registered mail, two true and correct copies of the foregoing document:

## COMPLAINT FOR DECLARATORY JUDGMENT

TO:    Corporation Service Company
       For ACME Markets, Inc.
       2711 Centerville Rd., Suite 400
       Wilmington, DE 19808

                           TAWNYA M. YETTER, Esq.
                           1701 Shallcross Avenue, Suite C
                           PO Box 756
                           Wilmington, DE 19899
                           (302) 761-9000

0 6 - 3 7 7

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Declaratory Judgment - UFCW Local 27 v. Acme Markets In

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE