IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 27, | ) ) ) |  |
|  | ) |  |
| Plaintiff | ) ) | NO. 1:06-CV-00377-SLR |
| v. | ) ) |  |
| ACME MARKETS, INC. | ) ) |  |
| Defendant | ) |  |

**ANSWER OF DEFENDANT ACME MARKETS, INC. TO COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Acme Markets, Inc., A Division of SuperValu (**"Acme"** or **"Defendant"**), by its attorneys, files this Answer to the Complaint in the referenced matter, the paragraph numbers herein corresponding to those in the Complaint.

1.     Paragraph 1 sets forth a statement as to the statutory basis for this declaratory judgment action, to which no response is necessary.  To the extent a response is required, Acme denies that this matter is properly before this Court.

2.     Paragraph 2 sets forth a statement of the jurisdiction of this Court, which is a conclusion of law to which no response is necessary.  To the extent an answer is necessary, Acme admits that this Court has jurisdiction pursuant to 29 U.S.C. §185 over claims for violation of a collective bargaining agreement, but denies that this action falls within that jurisdiction.

3.     Paragraph 3 sets forth a statement of the basis for venue of this action in this Court, which is a conclusion of law to which no response is necessary.  To the extent that an answer is required, Acme admits that the facts alleged by Plaintiff in the Complaint relate to employees of Acme who work in this judicial district.

1

4.    Acme admits that Plaintiff is an unincorporated labor organization in an industry affecting commerce and, upon information and belief, admits further that it maintains offices located at the address averred.

5.    Admitted.

6.    Admitted in part and denied in part.  Acme admits that it and Plaintiff were parties to a collective bargaining agreement that became effective April 25, 1999 and was due to expire on July 19, 2003 ("**Former CBA**"), but denies that the Former CBA expired on that date.  By way of further response, Acme states that the parties extended the Former CBA through the negotiation of and agreement to a successor labor agreement on or about August 14, 2003 ("**Successor CBA**").

7.    Admitted.

8.    Denied as stated.  By way of further response, Acme admits that the Former CBA had a "Side Letter – Health and Welfare Improvements" appended to it as Exhibit III ("**Exhibit III**").  Acme denies the remainder of the averments in Paragraph 8 and states by way of further response that Exhibit III speaks for itself.

9.    Denied as stated.  Acme admits that the first bargaining session for the Successor CBA took place on or about June 9, 2003.

10.    Denied as stated.  By way of further response, Acme states that the parties agreed to incorporate in the Successor CBA the following language: "Effective July 20, 2003, the Company shall continue to contribute to the Local 56 Health & Welfare Fund for each eligible employee...."

11.    Denied as stated.  By way of further response, Acme states that negotiations for the Successor CBA concluded on or about August 14, 2003, with the parties'

2

execution of a Memorandum of Agreement ("**MOA**"). The MOA in paragraph 15 described a side letter that was to be attached to the Successor CBA. Appended to the MOA were two side letters regarding health and welfare benefits. Neither the side letter described in paragraph 15 of the MOA, nor the two side letters attached to the MOA contained the terms that were set forth in Exhibit III to the CBA.

12.    Denied as stated. By way of further response, Acme, upon information and belief, admits that the terms of the MOA were ratified by the bargaining unit members on or about August 19, 2003. Acme admits that thereafter it implemented all of the terms of the Successor CBA.

13.    Admitted.

14.    Denied as stated. By way of further response, Acme states that on or about January 1, 2003, pursuant to an agreement between Acme and Local 27, Acme employees represented by Local 27 ("**bargaining unit employees**") were transferred from the Tri-State Health and Welfare Fund ("**Tri-State Fund**") to the Local 56 Health and Welfare Fund ("**Local 56 Fund**"), but continued to receive the same benefits that they had received from the Tri-State Fund. In or about August 2003, pursuant to the MOA, the bargaining unit employees began receiving the regular Local 56 Fund benefits, except that those living in Delaware have continued to receive 100% coverage for certain out-of-network dental services.

15.    Denied as stated. By way of further response, Acme states that, to date, the parties have not executed a document that incorporates the terms of the Successor CBA because they disagree as to whether Exhibit III is a part of it.

16.    Admitted.

17.    Denied.  By way of further response, Acme states that the parties, by their agreement to the MOA and ratification of the MOA by the bargaining unit members, entered into the Successor CBA.  The parties disagree, however, as to whether Exhibit III is a part of it.

18.    Denied.

### FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Court is without jurisdiction over this matter, as Plaintiff's claim falls within the exclusive jurisdiction of the National Labor Relations Board pursuant to 29 U.S.C. § 158(a)(5).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from bringing before this Court this action under  the Successor CBA pursuant to 29 U.S.C. § 185, as Plaintiff's exclusive, final and binding remedy through arbitration is set forth in Article XII of the Successor CBA.

### FIFTH AFFIRMATIVE DEFENSE

Acme has at all times satisfied all of its obligations under the Former CBA, the MOA and the Successor CBA, as well as having complied in all respects relevant hereto with the requirements of the National Labor Relations Act and the Labor-Management Relations Act.

4

WHEREFORE, Defendant Acme Markets, Inc., a Division of SuperValu,

demands that a judgment of dismissal be entered in its favor and against Plaintiff and that it be

awarded its costs and attorneys' fees in this action.

STEVENS & LEE, P.C.

By: _____
/s/Joseph. H. Huston, Jr.
Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 425-3310
Fax: (610) 371-7972

– and –

Paul R. Lewis
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Tel:  (610) 205-6000
Fax: (610) 371-7979

*Attorneys for Defendant*
*Acme Markets, Inc.*

Dated: July 31, 2006

SL1 653867v1/020050.00138

## CERTIFICATE OF SERVICE

I, Joseph H. Huston, Jr., hereby certify that, on this 31st day of July, 2006, true and correct copies of the foregoing Answer of Defendant Acme Markets, Inc. to Complaint for Declaratory Judgment was served by first class United States mail, postage prepaid, upon counsel for Plaintiff at the following addresses:

> Albert M. Greto, Esquire
> Law Firm of Albert M. Greto, Esquire
> 1701 Shallcross Avenue, Suite C
> Wilmington, DE 19899-0756
>
> Steven J. Bushinsky, Esquire
> O'Brien, Belland & Bushinsky, LLC
> 2111 New Road, Suite 101
> Northfield, NJ 08225

/s/Joseph H. Huston, Jr.
Joseph H. Huston, Jr.

SL1 653867v1/020050.00138